## SMITH *et al. v.* SMITH.

*(City Court of Brooklyn, General Term.　October 28, 1889.)*

TRIAL—FINDINGS OF FACT—SUFFICIENCY.
　　A finding of fact that "defendant by false and fraudulent representations of law and fact induced the plaintiffs to execute" a deed, states a mere conclusion of law, and is not sufficient to justify a judgment setting the deed aside.

Appeal from special term.

Action by Robert J. Smith and Thomas H. Smith against Margaret Smith, to cancel a deed of land. Judgment was rendered for plaintiffs, and defendant appeals.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Louis Johnson,* for appellant.　*Horace Graves,* for respondents.

CLEMENT, C. J. The plaintiffs and the defendant in this action were, prior to April 24, 1880, with two other parties, owners, as tenants in common, of certain real property in this city, and on that day said plaintiffs conveyed to the defendant, by deed of bargain and sale, their interest in such real estate. This action was brought to cancel the deed so given, on the ground that it was obtained by false representations on the part of the defendant. Judgment was rendered at special term in favor of the plaintiffs, and from such judgment this appeal is taken by the defendant.

In the complaint plaintiffs alleged that the deed was presented to them by an attorney who represented the defendant, and that the attorney falsely stated that the said deed was an instrument which gave the defendant only the power to collect the rents of the property, and that, by said representations, he prevented them from reading the same. The above was clearly an allegation that the plaintiff supposed that they were signing simply a power of attorney or written authority to collect the rents, and not a deed, and that they were induced to sign the paper without reading it, because they relied on the false representation. Testimony was given on the trial tending to show that the allegations in the complaint were true, and testimony was also given in behalf of the defendant tending to show the contrary; and a finding either way at special term, on the allegations, would not be disturbed on appeal as against the weight of evidence. The difficulty in this case is in the findings. The finding of fact "that the defendant by false and fraudulent representations of law and fact induced the plaintiffs to execute a deed conveying said property to the defendant" is insufficient in itself to justify a judgment in favor of plaintiffs in this case. If the plaintiffs were induced to sign the deed by false representations of the law, then they signed knowing what it was, but were deceived as to its legal effect; and if they signed by false representations of fact, then they did not know that it was a deed. In the first case, they supposed that a deed would not carry the property, and in the second case they did not intend to give a deed. We think that there should have been a finding of the words used by defendant or her agent to induce the plaintiffs' to sign, and that the finding that the defendant by false representations of law and fact obtained the deed is a conclusion of law, and that therefore no fact is found which establishes any false representations. For the reasons above set forth the judgment appealed from must be reversed, and a new trial granted; costs to abide the event.